# WADE WARREN THAYER AND GEORGE H. HOLT, JR., TRUSTEES UNDER THE WILL AND OF THE ESTATE OF GEORGE H. HOLT, DECEASED, *v.* LINCOLN L. McCANDLESS AND ELIZABETH J. McCANDLESS.

## No. 2082.

Submitted June 9, 1933.                    Decided June 21, 1933.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE GODBOLD IN PLACE OF PARSONS, J., UNABLE TO ATTEND ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit for $6000 for money had and received by the defendants for the use and benefit of the plaintiffs. The allegations of the declaration are as follows: The plaintiffs are trustees under the will of one George H. Holt, deceased. On July 25, 1916, a deed was executed and delivered by J. M. Dowsett to Holt of certain parcels of land described in the declaration and the deed was promptly recorded in the office of the registrar of conveyances in Honolulu. Holt died in February, 1929, being at that time still the owner, as far as the record is concerned, of the lands in question. In

January, 1930, the United States instituted proceedings in the United States district court for the Territory of Hawaii for the condemnation of certain lands, including those above mentioned. The present defendants were expressly made parties to the condemnation suit. The present plaintiffs were not named as parties defendant and were not summoned to appear and defend. In the condemnation suit the defendant McCandless and his wife set up a claim of title to the lands mentioned in the declaration in the case at bar and at the conclusion of the case the jury rendered a verdict finding them to be the owners and awarding to them as damages for the taking of the lands which are now particularly under consideration the sum of $6000 as well as awarding to them a much larger sum of money for the taking of other lands involved in the condemnation suit. There was an allegation in the proceeding for condemnation that there were certain unknown owners of some or all of the property involved and in conformity with the statute notice was published to all unknown persons to present their claims. McCandless showed to the satisfaction of the jury in that case that he had secured title to the lands now in question under a deed from Emmalia Lopez, dated January 14, 1922, and that he had since that date held possession. In the present case the defendants filed a plea setting up in bar of the present action the proceedings had in the condemnation suit and the verdict and adjudication there made that they were the owners of the land. They admitted in the plea that they received payment of the $6000 from the United States.

The plaintiffs demurred to the plea in bar on the ground that if all the facts therein stated are assumed to be true they do not constitute a bar to the cause of action set forth in the declaration. The circuit judge presiding reserved, for the consideration of this court, the question

whether the demurrer should be sustained.

It would seem that under the circumstances recited an action of assumpsit for money had and received will lie. This is not an action in which the present title is in question. Neither the plaintiffs nor the defendants claim that they are now the owners of the land. Both admit that the United States is at present the owner. The plaintiffs, by this very action, have waived any attack that they might otherwise be able to make upon the title of the United States. The only ultimate issue in the case at bar is as to the ownership of the money, that depending upon the status of the title to the lands as it existed at the date of the suit for condemnation. The defendants in their brief expressly concede that "where damages are paid to one as owner, who is not the true owner, he will be liable to the true owner in an action for money had and received." They say that "there is no question about this being the law" in those jurisdictions in which the condemning court is not authorized to decide conflicting claims to the land or to the compensation awarded but claim that in those jurisdictions where, as in this Territory, the condemning court is given power by statute to determine claims to the land or to the damages and such conflicting claims are considered and determined all claimants, notice having been given to all persons by publication as well as by direct summons, must present their claims to the condemning court and cannot afterwards sue as for money had and received.

The only question argued under the present demurrer is whether under the circumstances stated the plaintiffs are barred from claiming the money which was paid by the United States to the defendants for the land. If they were properly made parties to the condemnation suit, it is obvious that they are bound because under our statutes (R. L. 1925, Ch. 61), which were applicable and enforce-

able in the condemnation suit under sections 257 and 258 of 40 U. S. C. A., pp. 76, 84, the condemning court was authorized to consider and to determine all conflicting questions of ownership. But in our opinion they were not duly summoned. The deed to Holt, the predecessor in interest of the present plaintiffs, was duly and promptly recorded. The fact of this recording, it is disclosed by the record, was not discovered by the searcher of titles upon whose report the United States proceeded in naming the defendants who were expressly named. This, however, is not a sufficient excuse for the failure to name the present plaintiffs as defendants in that case. Holt's trustees were entitled to due process of law and that means that they were entitled to notice and an opportunity to be heard. Their deed was recorded in the office in which it was required by law to be recorded in order to give notice to the world of its existence. The obvious intent of the statute is that all persons who are known to be owners or claimants of the land must be directly notified of the pendency of the condemnation suit. The statement is (§ 817) that "all persons who are owners or claimants of the property sought to be condemned must be joined as defendants." It is only when (same section) "the owner or claimant is unknown to plaintiff" that it is "sufficient if the petition includes a statement of that fact, and such defendant may be joined in the petition under a fictitious name," and notice may be given by publication. It would be intolerable, however, and would not satisfy the purposes and requirements of the statute if a person whose deed is on record and easily ascertainable could be given a fictitious name and could be notified by publication only. Such an owner, holding a recorded deed, is not duly summoned when he is summoned under a fictitious name and by publication only and as to him the adjudication of the condemning court is not binding.

This view has been often expressed by courts. "In order that there may be due process of law it is held a condition of procedure against parties as unknown that their identity cannot be discovered by the exercise of reasonable diligence. Statutes authorizing procedure against unknown parties have been construed as requiring this diligence in order to sustain them as constitutional." L. R. A. 1918 F, 613, n. 3.

"The very basis of the statutory procedure against unknown parties is that parties so proceeded against are in fact unknown. In proceedings relating to land; the holder of the record title must be summoned by name to appear and defend in order to bind him." *Ib.*, 618, n. 4.

"It is claimed that the summons was defective in not naming Homan, the patentee of the land, as one of the defendants; and we think this objection well taken. In so far as the records disclosed, he was the owner of the government title. The defendant was bound to take notice that Homan was the patentee of the land, as well from the government records as those of the county. * * * He who appears to be the owner of record must be named, unless the actual holder of the title can be discovered and named." *Ware* v. *Easton,* 48 N. W. (Minn.) 775, 776.

"Where, as in this case, the locus of the title is definitely declared of record and such is confessedly known to the complainant, it is but an exaction of good faith that the holder of such title should be summoned by name in order that it may appear and defend. To exact less is to open the doors wide to insidious attacks upon property rights, and, indeed, to ignore the statute which in terms provides * * * that persons claiming interests 'may be made parties defendant by their names, as near as the same can be ascertained.'" *Priest* v. *Las Vegas,* 120 Pac. (N. M.) 894, 896.

"A mere casual examination of the record by the

school commissioner would have disclosed the fact that Bennett was a claimant of the land under the tax deed made to his grantors pursuant to a sale of the land had at the same time of the sale under which the state claimed title, and, if in fact the school commissioner did not know that he was a claimant, he could have ascertained the fact by reasonable diligence. Bennett, therefore, occupied the position in contemplation of the statute of a known claimant, and was therefore entitled to be made a party to the bill and to be served with process. It would be too harsh a construction of the statute to interpret it to mean that a claimant of the land, whose claim thereto is a matter of record and can be easily ascertained, may be proceeded against by order of publication as an 'unknown claimant,' and be bound by a decree which would take from him his land without more notice than such a publication. It is a fundamental principle of the common law that every person shall have an opportunity to be heard in court before he shall be deprived of his property or his liberty, and this right is guaranteed to him by both State and Federal Constitutions. To divest one of his property it must be by 'due process of law,' which means that he must be given a reasonable notice and a chance to be heard about his defense. By the use of the words 'unknown claimants' the statute does not mean simply such persons, claimants, as may not happen to be known personally to the school commissioner at the time of filing his bill, but it means such as are not known to him, and cannot be ascertained by his reasonable diligence." *Preston* v. *Bennett,* 68 S. E. (W. Va.) 45, 46.

"If a person in actual, visible possession of land is not an 'unknown owner' within the meaning of article 5232o, Sayles' Ann. Civ. St. 1897, and therefore cannot be legally cited in the manner prescribed in that article, we can perceive no valid reason why the same should not be

said in favor of an owner of land not in actual, visible possession, but whose deed, or the judgment vesting title in him, has been duly recorded, and the record of which, by the terms of the statute above quoted, is notice to all persons of the existence of such deed or judgment." *Blanton* v. *Nunley*, 119 S. W. (Tex.) 881, 883.

To the same effect, under a similar statute relating to partition cases, is *Rodriguez* v. *La Cueva Ranch Co.*, 134 Pac. (N. M.) 228, 230.

The reserved question is answered in the affirmative.

*Winn & Nowell* for plaintiffs.

*Smith, Wild & Beebe* for defendants.